**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| SPECTOR & CO.<br><br>　　　　　　　　　*Plaintiff,*<br><br>　　　　v.<br><br>UNITED STATES,<br><br>　　　　　　　　　*Defendants.* | Court No. 23-0087 |

# ORDER

Upon reading plaintiff, Spector & Co.'s motion for relief from judgment pursuant to USCIT Rule 60; and upon consideration of other papers and proceedings had herein; it is hereby

ORDERED that plaintiff, Spector & Co.'s motion be, and hereby is, granted; and it is further;

ORDERED that the Court's May 2, 2025, dismissal in this matter is vacated; and it is further;

ORDERED that this matter is hereby returned to the Customs Case Management Calendar through and including October 27, 2025.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JUDGE

Dated: This ___ day of _____, 2025
　　　　New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SPECTOR & CO.<br><br>                    *Plaintiff,*<br><br>         v.<br><br>UNITED STATES,<br><br>                    *Defendants.* | Court No. 23-0087 |

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER**

Pursuant to Rule 60(b)(1) of the United States Court of International Trade, plaintiff Spector & Co, through its undersigned attorneys, hereby moves this Court for an order relieving plaintiff from the May 2, 2025 dismissal and restoring this matter to the Customs Case Management Calendar through and until October 27, 2025.[1]

Pursuant to USCIT Rule 60, a party may be relieved of a final judgment, order or proceeding on motion and just terms, for several reasons including a "mistake, inadvertence, surprise, or excusable neglect." USCIT Rule 60(b)(1). Such a motion must be made within a reasonable time but no longer than a year after entry of the judgment in certain instances including when the motion is being made under mistake, inadvertence, surprise, or excusable neglect. See USCIT Rule 60(c)(1). As discussed below, the dismissal of this case was the result of counsel's inadvertence and/or excusable neglect, and this motion is being made within a reasonable time following the entry of judgment.

Plaintiff commenced this matter by the filing of a summons on April 21, 2023. Because no complaint was filed, the Summons was placed on the Customs Case Management Calendar pursuant to USCIT Rule 83(a). Pursuant to USCIT Rule 83(c) the summons in this matter was to remain for an initial 24-month period, and at the end of that period, the matter needed to be removed from the Calendar, or a motion filed to extend its time to remain. The initial 24-month period in this matter expired on April 30, 2025.

---

[1] October 27, 2025, is 180 days from April 30, 2025.

The matter is related to two other matters, Court Nos. 22-0164 and 22-00165 which were filed on June 1, 2022, and are both currently on the Customs Case Management Calendar. Since the filing of the Summonses on these related matters, undersigned counsel began diligently pursuing potential resolution with the Government. Specifically, on August 16, 2023, a proposal for resolution was forwarded to the Government along with attached exhibits. Thereafter, undersigned counsel and Government counsel had several follow-up conversations. The assigned Government counsel on the Spector matters was then substituted in or around February of 2025, and on March 31, 2025, undersigned counsel reached out to set up a time to discuss the Spector matters after new counsel was able to get up to speed.

Undersigned counsel has been monitoring the Spector matters in order to file timely motions for extensions of time to remain on the customs case management calendar. Indeed, counsel filed two timely extension motions on Court Nos. 22-0164 and 22-0165, the last being filed on December 20, 2024. Those motions were granted and Court Nos. 22-0164 and 22-0165 are currently set to be removed from the customs case management calendar on June 25, 2025.

Unfortunately, undersigned counsel confused the instant matter, with the two related matters, Court Nos. 22-0164 and 22-0165 and had anticipated the instant case needing to be extended prior to June 25, 2025. Counsel was not aware of its mistake until the entry of the dismissal in this matter on Friday May 2, 2025.

The Supreme Court discussed the parameters of excusable neglect in the seminal *Pioneer* case. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (*Pioneer*). The Supreme Court explained that "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Id.*, 507 U.S. at 394, 113 S.Ct. 1489. In making a determination on whether neglect is excusable, the Supreme Court explained that "we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was

within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*, at *395*.

Here all factors support the grant of the instant motion. First, there is no danger of prejudice to the Government. The matter was not yet in active litigation, the parties have been engaged in discussions on a related matter and therefore defendant is already aware of the facts of the case and the matter could remain on the Customs Case Management Calendar an additional two years pursuant to USCIT Rule 84. Further, the issues involved in this matter are also involved in Court Nos. 22-0164 and 22-0165, which are still pending on the Customs Case Management Calendar. Notably, this court has put great emphasis on a lack of prejudice, granting a similar motion even in the absence of a finding of excusable neglect. See *Rockwell Automation, Inc. f/k/a Rockewell Automation/Allen-Bradley., LLC v. United States*, 7 F.Supp.3d 1278 (Ct. Int'l Trade 2014). Next, the grant of this motion would not materially impact the instant proceedings in terms of timing or otherwise. The order for which relief is being sought was issued on May 2, 2025, and the relief sought herein is simply for the matter to be reinstated to the Customs Case Management Calendar. Should the Court grant the instant motion, the matter will still be subject to the same four-year limitation provided by the USICT rules based upon the date of the filing of the Summons and thus will not extend any timeframes. Next, this motion was not necessitated by any intentional flouting of the Court's deadlines and Counsel has acted in good faith on all of the Spector matters. Rather, as a result of confusing the deadlines with the two related matters, the motion was not filed timely. Finally, as required by the rule, the instant motion is being filed in a reasonable time after the date of the order, indeed just five business days thereafter.

On May 7, 2025, undersigned counsel contacted the Department of Justice for its position on the relief requested in this motion. On May 9, 2025, Monica Triana, on behalf of the U.S. Department of Justice, indicated that the Government defers to the discretion of the court as to whether to grant or deny the motion.

**WHEREFORE**, Spector & Co. requests that its Motion be granted in all respects.

                                Respectfully submitted,

                                **SANDLER, TRAVIS & ROSENBERG, P.A.**
                                *Attorneys for Spector & Co.*
                                675 Third Avenue
                                New York, New York 10017
                                Telephone: (212) 549-0137

               By:     /s/ Jason M. Kenner
                                JASON M. KENNER

Dated: May 9, 2025